1  MARY-ANN S. ELLIS
   Nevada Bar No. 12427
2  LEWIS BRISBOIS BISGAARD & SMITH LLP
   5555 Kietzke Lane, Suite 200
3  Reno, Nevada 89511
   775.827.6440
4  FAX: 775.827.9256
   Mary-Ann.Ellis@lewisbrisbois.com
5  *Attorneys for Defendants*

6

7              UNITED STATES DISTRICT COURT

8              DISTRICT OF NEVADA, NORTHERN DIVISION

9  PEGGY ANGLETON, an individual, ,          CASE NO.

10            Plaintiff,                     **DEFENDANTS' NOTICE OF REMOVAL**

11     vs.                                   Trial Date:   None Set

12 FCPT RESTAURANT PROPERTIES, LLC;
   GMRI, INC. and DOES I-XX, ROE
13 CORPORATIONS I-XX, DOE
   ENGINEERING COMPAINIES I-XX, ROE
14 CONSTRUCTION COMPANIES I-XX, and
   DOE MANAGEMENT FIRMS I-XX,
15 inclusive, ,

16            Defendants.

17

18      Defendants FCPT Restaurant Properties, LLC and GMRI, Inc. ("Defendants") hereby give

19 notice of the removal of the above-styled action to the United States District Court for the District

20 of Nevada, Reno Division.

21
        Pursuant to 28 § U.S.C. 1446(a), copies of the District Court's entire file, as of February 6,
22
   2019, is attached as **Exhibit 1**. Copies of the process, and pleadings, served upon Defendants are
23
   included therein.
24

25      As grounds for removal, Defendants state as follows:

26                               BACKGROUND

27      1.    Plaintiff Peggy Angleton ("Plaintiff") initiated this action on November 20, 2018

28 by filing her Complaint in the Second Judicial District Court of the State of Nevada In and For the



4823-0418-3175.1

1  County of Washoe. See Ex. 1 at p. 1.18- 1.29. Plaintiff filed a First Amended Complaint, adding
2  GMRI, Inc. as a Defendant on January 10, 2019. *Id.* at p. 1.2- 1.14.

3       2.      According to the First Amended Complaint, on or about June 27, 2017, Plaintiff
4  placed a to-go order from the Restaurant. Ex. 1 at p. 1.4. After picking up her food, Plaintiff
5  exited the side door, carrying her food, her purse and her portable oxygen, at which time she
6  "tripped off the unmarked vertical ledge outside of the side door of the Restaurant breaking her
7  left foot, bumping her head hard, hitting her elbow, and breaking her glasses on the ground when
8  she landed." *Id.*

9       3.      Based on these allegations, Plaintiff asserts multiple causes of action against
10 Defendants. First, Plaintiff asserts a negligence per se cause of action, alleging: "Defendants had a
11 duty to design and construct, or to make alterations to the restaurant that ender it readily accessible
12 to and usable by individuals with disabilities in accordance with the American With Disability Act
13 ("Act") as determined by the ADA Accessibility Guidelines and Standards for Accessible
14 Design." *Id.* Plaintiff alleges that the City of Reno and Washoe County adopted the requirements
15 of the Act and/or that the requirements of the Act preempt the Code ('Requirements"). *Id.* at
16 p.1.3-1.4. Plaintiff alleges that Defendant violated these Requirements, resulting in injury to
17 Plaintiff and constituting negligence per se. *Id.*

18       4.      Plaintiff's third cause of action is for "Unlawful Discrimination and Deprivation of
19 Civil Rights". *Id.* at p. 1.9-1.10. This alleges that "The failure to comply with the Requirements
20 also constitutes unlawful discrimination under the Act as a result of denial of access to public
21 accommodation by Defendants to the Plaintiff." *Id.* at p. 1.9. Plaintiff seeks injunctive relief as a
22 result. *Id.* at p.1.10.

23       5.      Plaintiff's sixth claim for relief is for declaratory relief, seeking the court to declare
24 the rights of the parties under each cause of action, "including Defendants' obligations to comply
25 with the Requirements." *Id.* at 1.12-1.13.

26       6.      Plaintiff also alleges a negligence claim, a negligent hiring, training and
27 supervision claim, and a respondeat superior claim, based in part of the alleged failure to provide
28 an accessible entrance under the ADA and based in part on a general duty of care. *Id.* at pp. 1.6-

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0418-3175.1       2

1.9, 1.10-1.12. The Court would have supplemental jurisdiction over these claims to the extent they are based on state law. See 28 U.S.C § 1367.

## GROUNDS FOR REMOVAL

7.  This removal is based on original federal question jurisdiction. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 because this matter involves a question of federal law under the Americans With Disability Act ("ADA"). See 28 U.S.C. § 1331("The district courts have shall original jurisdiction of all civil actions arising under the Constitutions, laws, or treaties of the United States.").

8.  Pursuant to 28 U.S.C. § 1441, a defendant may remove a civil action originally filed in a state court to the federal district court when the district court has original jurisdiction to consider the case. *See* U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.").

9.  "[F]ederal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. While federal law itself creates the cause of action in the majority of federal question cases, federal question jurisdiction may also exist where 'the vindication of [the subject state law cause of action] necessarily turn[s] on some construction of federal law.'" See *Grodi v. Mandalay Resort Group, Inc.*, 2003 WL 22244048 (ND Miss. 2003)(citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S.Ct. 2841, 2856, 77 L.Ed.2d 420 (1983)). "A complaint creates federal question jurisdiction when it states a cause of action created by state law and (1) a federal right is an essential element of the state claim, (2) interpretation of the federal right is necessary to resolve the case, and (3) the question of federal law is substantial." *Id.*

10. Here, Plaintiff's negligence per se, unlawful discrimination and deprivation of civil rights, and declaratory relief causes of action are all based on the requirements under the ADA and a violation of the ADA standards. Even more specifically, the unlawful discrimination claim

15. This Court is the proper venue for removal because the United States District Court for the District of Nevada encompasses the geographic area of the Second Judicial District Court of the State of Nevada In and For the County of Washoe.

16. Contemporaneous with this filing, a copy of the Notice of Removal, along with the Notice of Filing Notice of Removal,[1] will be filed with the clerk of the Second Judicial District Court of the State of Nevada In and For the County of Washoe and served upon counsel for all adverse parties pursuant to 28 U.S.C. § 1446(d). Accordingly, pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, this action is properly removed to this Court.

17. By filing this Notice of Removal, Defendants do not waive their right to assert any defenses or objections to which it is entitled, including but not limited to any challenge to personal jurisdiction or the right to have the case dismissed on any other basis.

18. If any question arises as to the propriety of the removal of this action, Defendants request the opportunity to brief the issues, to present oral argument in support of its position, and to obtain jurisdictional discovery if needed.

19. Prior to filing this Notice of Removal, Defendant did not answer or otherwise plead in response to the First Amended Complaint in state court. Therefore, it will answer or present other defenses and objections in accordance with Federal Rule of Civil Procedure 81(c)(2)(C).

///
///
///
///
///
///
///
///

---

[1] A copy of the Notice of Filing Notice of Removal to be filed with the state court is attached as **Exhibit 3**.

WHEREFORE, the Defendants request that this Court consider this Notice of Removal in accordance with the law governing the removal of cases to this Court; that this Court will make the appropriate orders to achieve the removal of this case from the Second Judicial District Court of the State of Nevada In and For the County of Washoe; and that this Court will make such other orders as may be appropriate to effect the preparation and filing of a true record in this case of all proceedings that may have been served in said District Court.

DATED this 9 day of February, 2019

LEWIS BRISBOIS BISGAARD & SMITH LLP

By /s/ Mary-Ann S. Ellis
MARY-ANN S. ELLIS
Nevada Bar No. 12427
5555 Kietzke Lane, Suite 200
Reno, Nevada 89511
Tel. 775.827.6440
Attorneys for Defendants

LEWIS
BRISBOIS
BISGAARD
& SMITH LLP
ATTORNEYS AT LAW

4823-0418-3175.1                               6

**CERTIFICATE OF SERVICE**

Pursuant to FRCP 5(b), I certify that I am an employee of LEWIS BRISBOIS BISGAARD & SMITH LLP, and that on this 8 day of February, 2019, I did cause a true copy of **DEFENDANTS' NOTICE OF REMOVAL** to be served via electronic service by the U.S. District Court CM/ECF system to the parties on the Electronic Filing System.

By _____
Alex Caceres, an Employee of
LEWIS BRISBOIS BISGAARD & SMITH LLP

Exhibit List

| Exhibit No. | Description | No. of Pages |
|---|---|---|
| Exhibit 1 | District Court's Entire File | 29 |
| Exhibit 2 | Correspondence To Attorney Ellis From Attorney Oliphant | 1 |
| Exhibit 3 | Notice Of Filing Notice Of Removal | 3 |