# EXHIBIT 1

EXHIBIT 1

FILED
Electronically
CV18-02311
2019-01-29 10:19:03 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7090316 : csulezic

1005
R. Shawn Oliphant, Esq.
Nevada Bar No. 6441
FAHRENDORF, VILORIA,
OLIPHANT & OSTER L.L.P.
P.O. Box 62
Reno, Nevada 89504
(775) 284-8888
Attorneys Plaintiff

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR THE COUNTY OF WASHOE

PEGGY ANGLETON, an individual,

Plaintiff,

vs.

FCPT RESTAURANT PROPERTIES, LLC; GMRI, INC. and DOES I-XX, ROE CORPORATIONS I-XX, DOE ENGINEERING COMPANIES I-XX, ROE CONSTRUCTION COMPANIES I-XX, and DOE MANAGEMENT FIRMS I-XX, inclusive,

Defendants.

Case No: CV18-02311

Dept. No: 1

ACCEPTANCE OF SERVICE

Service of a copy of the Summons and filed-stamped copy of the Amended Complaint in the above entitled action is hereby acknowledged and accepted by the undersigned on behalf of Defendant GMRI, INC., A Foreign Corporation, licensed in and conducting business in the County of Washoe, State of Nevada.

AFFIRMATION

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the preceding document does not contain the personal information of any person as defined in NRS 603A.040.

DATED this 21 day of January, 2019.

LEWIS BRISBOIS

By: [signature]
Mary-Ann S. Ellis
Attorneys for Defendants



FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. Box 62 ~ Reno, Nevada 89504
327 California Avenue ~ Reno, Nevada 89509

FILED
Electronically
CV18-02311
2019-01-10 10:50:30 AM
Jacqueline Bryant
Clerk of the Court
Transaction # 7061208 : cvera

1090

R. Shawn Oliphant, Esq.
Nevada Bar No. 6441
FAHRENDORF, VILORIA,
OLIPHANT & OSTER L.L.P.
P.O. Box 62
Reno, Nevada 89504
(775) 284-8888
Attorneys Plaintiff

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA
IN AND FOR THE COUNTY OF WASHOE

PEGGY ANGLETON, an individual,

Plaintiff,

vs.

FCPT RESTAURANT PROPERTIES, LLC; GMRI, INC. and DOES I-XX, ROE CORPORATIONS I-XX, DOE ENGINEERING COMPANIES I-XX, ROE CONSTRUCTION COMPANIES I-XX, and DOE MANAGEMENT FIRMS I-XX, inclusive,

Defendants.

Case No: CV18-02311

Dept. No: 1

**AMENDED COMPLAINT**
**[exempt from arbitration pursuant to possible award value in excess of $50,000 and declaratory relief action]**

COMES NOW, Plaintiff, PEGGY ANGLETON, by and through her attorneys of record, FAHRENDORF, VILORIA, OLIPHANT & OSTER, L.L.P., and allege as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff is, and at all relevant times herein was, a resident of the County of Washoe, State of Nevada.

2. Plaintiff is a 65 year old female who has a disability in that she has a physical or mental impairment that substantially limits one or more of her major life activities of the person, has a record of such an impairment or is regarded as having such an impairment.

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant, FCPT RESTAURANT PROPERTIES, LLC, is a Foreign Limited Liability Company, licensed in and conducting business in the County of Clark, State of Nevada.

/ / /

4. Plaintiff is informed and believes, and thereupon alleges, that Defendant GMRI, INC., is a Foreign Corporation, licensed in and conducting business in the County of Washoe, State of Nevada as owners and doing business as Olive Garden located at 4900 S. Virginia St., Reno, Nevada 89502.

5. Pursuant to NRCP (10)(a) and *Nurenberger Hercules–Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true name and capacities of Defendants designated as DOES 1-10, whether individual, corporate, associate or otherwise are unknown to Plaintiff at this time and, therefore, Plaintiff sues said Defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each of the said DOE Defendants are responsible in some manner for the events and occurrences referenced herein and that said DOE Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff as alleged herein. Plaintiff will ask leave of the Court to amend her Complaint to substitute the true names and capacities of said DOE Defendants when Plaintiff becomes aware of the true names of said DOE Defendants.

6. Plaintiff is informed and believes, and upon such information and belief, alleges that each of the Defendants designated herein by such fictitious names are negligently responsible in some manner for the events and happenings herein referred to and negligently caused the injuries to Plaintiff as these Defendants were involved in the initiation, approval, support, maintenance or execution of the construction work and/or wrongful acts on the premises located at 4900 S. Virginia St., Reno, Nevada 89502 ("Property"), upon which this litigation is based. Plaintiff further alleges that each Defendant designated herein by such fictitious names are and at all times relevant hereto were, agents of each other and have ratified the acts of each other Defendant and acted within the course and scope of such agency and have the right to control the actions of the remaining Defendants.

7. At all times herein mentioned, Defendants, and each of them were the apparent ostensible principals, principals, apparent ostensible agents, agents, apparent ostensible servants, servants, apparent ostensible employees, employees, apparent ostensible assistants, assistants, apparent ostensible consultants and consultants of their co-Defendants, apparent and ostensible contractors and subcontractors, and were as such acting within the course, scope and authority of

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

said agency and/or employment, and that each and every act of such Defendants, as aforesaid, when acting as a principal agent, employee, assistant or consultant, were responsible in some manner for the events and happenings herein referred to.

8. That the facts and circumstances that give rise to the subject lawsuit occurred in Washoe County, Nevada, at the Property.

9. Plaintiff is informed and believes, that at all relevant times herein, Defendants owned, leased, or operated a restaurant at the Property known as the Olive Garden ("Restaurant").

## II. GENERAL FACTUAL ALLEGATIONS

9. On or about June 27, 2017, Plaintiff placed a to-go order from the Restaurant. After picking up her food, Plaintiff was directed by an employee of the Restaurant to exit out of a side door because the front entry was closed due to remodeling of the building. Plaintiff exited the side door, as directed by Defendants, carrying her food, her purse and her portable oxygen, at which time she tripped off the unmarked vertical ledge outside of the side door of the Restaurant breaking her left foot, bumping her head hard, hitting her elbow, and breaking her glasses on the ground when she landed.

10. After Plaintiff fell and was waiting for an ambulance, employees of Defendants placed "caution tape" and "watch your step" signs around the unmarked vertical ledge where Plaintiff fell.

## FIRST CAUSE OF ACTION

(Negligence Per Se)

11. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

12. At all times material hereto, Defendants had a duty to design and construct, or make alterations to the Restaurant that render it readily accessible to and usable by individuals with disabilities in accordance with the Americans with Disability Act ("Act") as determined by the ADA Accessibility Guidelines and Standards for Accessible Design ("Guidelines").

13. The City of Reno and Washoe County have adopted the International Building Code ("Code").

///

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

14. The requirements of the Act, Guidelines and Code are referred to as the "Requirements."

15. The Code incorporates the Requirements and/or the Requirements preempt and supersede the Code.

16. At all times material hereto, Defendants owned, operated, and/or maintained the Property and Restaurant in violation of the Requirements, including without limitation, the following sections of the Guidelines: 303 Changes in Level, 303.1 General; 303.2 Vertical; 3.03.3 Beveled; and 303.4 Ramps.

17. The Requirements require that the maximum vertical changes in ground surfaces may not exceed ¼ high. Changes in level between ¼ inch and ½ inch high maximum shall be beveled with a slope not steeper than 1:2. In no case may the combined change in level exceed ½ inch. Changes in level exceeding ½ inch must be ramped and comply with the curb ramp requirements.

18. When Defendants shut down the front entrance to the Restaurant due to construction, and directed Plaintiff to exit the side door, Defendants failed to provide an accessible route which complied with the Requirements.

19. In fact, the route Defendants' employees directed Plaintiff to take was a 4½ high unramped and unmarked curb which did not comply with the Requirements.

20. A violation of the Requirements resulted in an injury to Plaintiff.

21. Plaintiff belongs to the class of persons that the Requirements were intended to protect.

22. Plaintiff's injuries were the type of injuries the Requirements were intended to protect against.

23. As a direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, Plaintiffs sustained and continue to sustain severe personal injuries, causing extreme anguish, pain and suffering, all to their general damage in sum in excess of $50,000.

24. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred hospital, doctor and

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509
P. O. BOX 62 ~ RENO, NEVADA 89504
Office: (775) 284-8888 Fax: (775) 284-3838
COUNSELORS AT LAW
ATTORNEYS AND

medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

25. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred and will incur in the future, a loss of earnings and earning capacity presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

26. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

## SECOND CAUSE OF ACTION

### (Negligence)

27. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

28. That Defendants had a duty, by and through its agents, servants and employees to exercise all due care and caution for the safety of persons, including Restaurant customers, such as Plaintiff.

29. That the Defendants had a duty to exercise reasonable care not to subject others on the Restaurant and Property to an unreasonable risk of harm.

30. That the Defendants had a duty to inspect the Restaurant and Property to discover dangerous conditions not known to Plaintiff and to take reasonable precautions to protect customers, such as Plaintiff, from dangers which are foreseeable from the use of the Restaurant and Property.

31. That the Defendants had a duty to maintain safe conditions for customers, such as Plaintiff, entering and exiting their Restaurant from the Property.

32. That Defendants had a duty to warn its customers, including Plaintiff, of any dangerous or unsafe condition that existed and/or were present in the Restaurant and Property when such conditions are hidden, latent, or concealed or of which the customers are withou

knowledge, if Defendants, through one of its employees, agents and/or servants creates or knows of, or in the exercise of reasonable care should have known of the dangerous or unsafe condition.

33. That on or about June 27, 2017, Defendants created and/or allowed a dangerous condition to exist and further negligently, willfully, or maliciously failed to guard, remedy, or warn Restaurant customers, including Plaintiff, against such dangerous condition not providing an accessible route for entry and exit of the Restaurant, which resulted in a hazard on the Property.

34. Plaintiff was on the Property of Defendants as a customer for the purposes of entering the Restaurant to pick up food she had ordered to go.

35. As a customer, Plaintiff was on the Property for the express benefit of Defendants. As a customer, Plaintiff relied on Defendants to keep the Restaurant and Property in a reasonably safe condition.

36. As a customer, Defendants owed a duty to Plaintiff to remedy or warn of risks known to or discoverable by and/or created by Defendants on the Property.

37. That Defendants breached its duties of care owed to Plaintiff and was negligent, careless and heedless in the operation, maintenance and management of the Restaurant and Property, including but not limited to, the following acts of negligence:

(a) Failing to provide a safe restaurant establishment for customers, and customers entering and existing Restaurant;

(b) Failing to warn customers of any dangerous conditions that existed and/or were present in the Property;

(c) Failing to properly hire and train their employees to inspect for dangerous and unsafe conditions and to take reasonable precautions to protect customers from dangers, which are foreseeable from the use of the Property;

(d) Failing to exercise reasonable care not to subject customers to an unreasonable risk of harm by not providing an accessible route for entry and exit of the Restaurant, which caused Plaintiff to fracture her left ankle and incur other injuries;

/ / /

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

(e) That the Defendants, by failing to exercise ordinary care, created the dangerous condition or created a reasonable probability that the dangerous condition would exist; and

(f) Defendants breached their duties of care owed to Plaintiff by not providing an accessible route for access of the Restaurant from the Property, is creating an unsafe condition, by failing to warn of the dangerous condition and/or by failing to remedy the dangerous condition.

38. At all times material hereto, Defendants knowingly maintained the Property in a dangerous and unsafe condition and knew or in the exercise of reasonable care should have known that it was endangering customers of the Restaurant.

39. Defendants' breach of the duty of care legally and proximately caused Plaintiff's injuries.

40. In addition to the negligence per se of Defendants, an owner or occupier of land is held to the duty of reasonable care when another is injured on that land.

41. Defendants not only failed to provide an accessible route that met the Requirements, but the Defendants did not exercise reasonable care or keep the Property in a reasonable safe condition resulting in Plaintiff's injuries.

42. As a direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, Plaintiffs sustained and continue to sustain severe personal injuries, causing extreme anguish, pain and suffering, all to their general damage in sum in excess of $50,000.

43. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

44. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred and will incur in the

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

future, a loss of earnings and earning capacity presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

45. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

## THIRD CAUSE OF ACTION

## (Unlawful Discrimination and Deprivation of Civil Rights)

46. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

47. The Restaurant is a place of public accommodation.

48. Plaintiff was entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Restaurant without discrimination on the ground of her disability.

49. Defendants deprived Plaintiff from the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Restaurant by failing to provide a continuous and unobstructed way of egress from the Restaurant to the path leading away from the Restaurant accessible routes into and from the Restaurant.

50. Plaintiff was injured as a result of Defendants' failure to provide a continuous and unobstructed way of egress from the Restaurant to the path leading away from the Restaurant.

51. The failure to comply with the Requirements also constitutes unlawful discrimination under the Act as a result of denial of access to public accommodation by the Defendants to the Plaintiff.

52. The Requirements require two accessible exists from the Restaurant and Defendants did not provide any accessible exits for the Restaurant during the remodel.

53. Defendants have failed to remove architectural barriers to persons with disabilities where such removal is readily achievable, including without limitation, providing two accessible exits from the Restaurant.

54. The Restaurant was altered in 2002, 2006 and 2018 ("Remodels").

/ / /

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

55. Permits to complete the Remodels were pulled from the applicable governing permitting authorities.

56. The Remodels had a total value of $350,000 or more.

57. The Requirements required that the Defendants apply up to 20% of the value of the Remodels on improving the path of travel to and from the area that was altered.

58. Despite the Remodels, Defendants did not remove the architectural barriers to persons with disabilities by providing two accessible exits from the Restaurant as required by the Requirements.

59. Providing two accessible exits from the Restaurant could have been easily accomplished without much difficulty or expense given the Defendants' size and abilities.

60. The failure to comply with the Requirements is an ongoing violation of the Requirements.

61. The ongoing violations of the Requirements show a pattern or practice of discrimination by Defendants.

62. Defendants are entitled to an order including permanent or temporary injunctions, restraining orders, or other types of orders including removal of the architectural barriers referenced herein.

63. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

## FOURTH CAUSE OF ACTION

(Negligent Hiring, Training and Supervision)

64. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

65. Defendants owed a duty to Plaintiff to exercise reasonable care in the hiring, training and supervision of its employees.

66. Defendants further owed a duty to Plaintiff to properly train them for tasks they would perform, and to ensure that safety measures were in place to protect its patrons.

/ / /

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

67. Plaintiff is informed and believes, and on such basis alleges, that said Defendants breached such duties.

68. As a direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, Plaintiffs sustained and continue to sustain severe personal injuries, causing extreme anguish, pain and suffering, all to their general damage in sum in excess of $50,000.

69. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

70. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred and will incur in the future, a loss of earnings and earning capacity presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

71. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

## FIFTH CAUSE OF ACTION

(Respondeat Superior)

72. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

73. At all relevant times herein, Defendants and Employees DOES I-XX, ROE CORPORATIONS I-XX, DOE ENGINEERING COMPANIES I-XX, ROE CONSTRUCTION COMPANIES I-XX, and DOE MANAGEMENT FIRMS I-XX, were employees of Defendants, and were acting within the course and scope of their employment.

74. At all relevant times herein, Defendants were liable for the negligent acts of their agents/employees, Defendants DOES I-XX, ROE CORPORATIONS I-XX, DOE ENGINEERING COMPANIES I-XX, ROE CONSTRUCTION COMPANIES I-XX, and DOE MANAGEMENT FIRMS I-XX, under the doctrine of vicarious liability/respondeat superior.

75. At all relevant times herein, Defendants negligently entrusted the design, construction, control, supervision, and repair, to Defendants, DOES I-XX, ROE CORPORATIONS I-XX, DOE ENGINEERING COMPANIES I-XX, ROE CONSTRUCTION COMPANIES I-XX, and DOE MANAGEMENT FIRMS I-XX, who thereinafter after failed to properly perform these duties, causing injuries to Plaintiff.

76. As a direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, Plaintiffs sustained and continue to sustain severe personal injuries, causing extreme anguish, pain and suffering, all to their general damage in sum in excess of $50,000.

77. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

78. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred and will incur in the future, a loss of earnings and earning capacity presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

79. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

<u>SIXTH CAUSE OF ACTION</u>

(Declaratory Relief)

80. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

81. That a current controversy exists between Plaintiff and the Defendants as to the nature and extent of their relationship and corresponding obligations, duties, and responsibilities toward one another, including Defendants' obligations to comply with the Requirements.

/ / /

/ / /

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

82. All of the rights and obligations of the parties hereto arose out of what is actually one series of transactions, happenings or events, all of which can be settled and determined in a judgment in this one action.

83. That a declaration of rights, duties, responsibilities, and obligations between Plaintiff and the Defendants regarding the Defendants' duties to comply with the Requirements and their duties to Plaintiff are justiciable controversy of adverse legal interests, which is ripe for review and declaration by this Court. Plaintiff requests that the Court declare the nature and extent of the parties' contractual relationship as follows: (a) Defendants were negligent per se in failing to follow the Requirements as determined by Nevada law; (b) Defendants were negligent by failing their duty of care; (c) Defendants unlawfully discriminated and deprived Plaintiff of her civil rights by way of their various violations; and (d) Defendants negligently hired, trained and supervised their employees..

84. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

WHEREFORE, Plaintiff prays for damages, jointly and severally, as follows:

a. General damages, past and future, in excess of $50,000;

b. Special damages for past medical and other related expenses of not less than $31,694.05 according to proof at time of trial;

c. Additional special damages for past and future medical and incidental expense all according to proof at time of trial;

d. Attorney fees and costs of suit as allowed by law and equity;

e. For an order enjoining Defendants from unlawful discrimination set forth herein;

f. For Equitable Relief;

g. For Declaratory Relief that Defendants have violated the Requirements; and

h. For such other and further relief as the Court deems just and proper.

/ / /

/ / /

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P.O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

**AFFIRMATION**

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the preceding document does not contain the personal information of any person as defined in NRS 603A.040.

DATED this 10 day of January, 2019.

FAHRENDORF, VILORIA,
OLIPHANT & OSTER L.L.P.

By: [signature]
R. Shawn Oliphant, Esq.
Nevada Bar No. 6441
Attorneys for Plaintiff

FILED
Electronically
CV18-02311
2018-12-07 01:07:32 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 7013771 : csulezic

Code: 4085

IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA

IN AND FOR THE COUNTY OF WASHOE

PEGGY ANGELTON,
Plaintiff / Petitioner / Joint Petitioner,

vs.
FCPT RESTAURANT PROPERTIES, LLC,
Defendant / Respondent / Joint Petitioner.
/

Case. No. CV18-02311

Dept. No. 1

## SUMMONS

**TO THE DEFENDANT: YOU HAVE BEEN SUED. THE COURT MAY DECIDE AGAINST YOU WITHOUT YOUR BEING HEARD UNLESS YOU RESPOND IN WRITING WITHIN 20 CALENDAR DAYS. READ THE INFORMATION BELOW VERY CAREFULLY.**

A civil complaint or petition has been filed by the plaintiff(s) against you for the relief as set forth in that document (see complaint or petition). When service is by publication, add a brief statement of the object of the action. See Nevada Rules of Civil Procedure, Rule 4(b).
The object of this action is: Personal Injury.

1. If you intend to defend this lawsuit, you must do the following within 20 calendar days after service of this summons, exclusive of the day of service:
   a. File with the Clerk of the Court, whose address is shown below, a **formal written answer** to the complaint or petition, along with the appropriate filing fees, in accordance with the rules of the Court, and;
   b. Serve a copy of your answer upon the attorney or plaintiff(s) whose name and address is shown below.
2. Unless you respond, a default will be entered upon application of the plaintiff(s) and this Court may enter a judgment against you for the relief demanded in the complaint or petition.

Dated this 26 day of November, 2018.

Issued on behalf of Plaintiff(s):

Name: R. Shawn Oliphant, Esq.
Address: 327 California Avenue
Reno, NV 89509
Phone Number: 775-284-8888

JACQUELINE BRYANT
CLERK OF THE COURT
By: [signature]
Deputy Clerk
Second Judicial District Court
75 Court Street
Reno, Nevada 89501

AFFT
Fahrendorf, Viloria, Oliphant & Oster L.L.P.
R. Shawn Oliphant, Esq.
327 California Avenue
Reno , NV 89509
State Bar No.: 6441
Attorney(s) for: Plaintiff(s)

**SECOND JUDICIAL DISTRICT COURT**
**WASHOE COUNTY, NEVADA**

| | |
|---|---|
| **Peggy Angleton, an individual** <br> *vs* <br> **FCPT Restaurant Properties, LLC; et al.** <br> *Plaintiff(s)* <br> *Defendant(s).* | **Case No.: CV18-02311** <br> Dept. No.: I <br> Date: <br> Time: <br> **AFFIDAVIT OF SERVICE** |

I, Jennifer Lynn Jones, being duly sworn deposes and says: That at all times herein affiant was and is a citizen of the United States, over 18 years of age, licensed to serve civil process in the State of Nevada under license #604, and not a party to or interested in the proceeding in which this affidavit is made. The affiant received 1 copy(ies) of the: Summons; Complaint on the 27th day of November, 2018 and served the same on the 28th day of November, 2018 at 9:30 am by serving the Defendant(s), FCPT Restaurant Properties, LLC by personally delivering and leaving a copy at Registered Agent, Corporate Creations Network Inc., 8275 S. Eastern Ave., #200, Las Vegas, NV 89123 with Marcie Wyatt pursuant to NRS 14.020 as a person of suitable age and discretion at the above address, which address is the address of the registered agent as shown on the current certificate of designation filed with the Secretary of State.


NOTARY PUBLIC
STATE OF NEVADA
County of Clark
K.E. MURRAY
Appt. No. 04-91469-1
My Appt. Expires Sept. 3, 2020



State of Nevada, County of Clark
SUBSCRIBED AND SWORN to before me on this 28th day of November 2018

[signature]
Notary Public K.E. Murray

[signature]
Affiant - Jennifer Lynn Jones # R-2018-02711
Legal Process Service License # 604
WorkOrderNo 1807729 1.16

Legal Process Service 105 Mary Street, Reno, NV 89509 (775) 323-7070

SECOND JUDICIAL DISTRICT COURT

COUNTY OF WASHOE, STATE OF NEVADA

# AFFIRMATION
## Pursuant to NRS 239B.030

The undersigned does hereby affirm that the preceding document, SUMMONS

(Title of Document)

filed in case number: CV18-02311

[X] Document does not contain the social security number of any person

-OR-

[ ] Document contains the social security number of a person as required by:

[ ] A specific state or federal law, to wit:

(State specific state or federal law)

-or-

[ ] For the administration for a public program

-or-

[ ] For an application for a federal or state grant

-or-

[ ] Confidential Family Court Information Sheet (NRS 125.130, NRS 125.230 and NRS 125B.055)

DATED this 3rd day of December, 2018.

Signature: [signature]
Print Name: R. Shawn Oliphant, Esq.
Attorney for: Plaintiff

FILED
Electronically
CV18-02311
2018-11-20 04:35:55 PM
Jacqueline Bryant
Clerk of the Court
Transaction # 6987105 : csulezic

$1425

R. Shawn Oliphant, Esq.
Nevada Bar No. 6441
FAHRENDORF, VILORIA,
OLIPHANT & OSTER L.L.P.
P.O. Box 62
Reno, Nevada 89504
(775) 284-8888
Attorneys Plaintiff

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

**IN THE SECOND JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA**
**IN AND FOR THE COUNTY OF WASHOE**

| | |
|---|---|
| PEGGY ANGLETON, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>FCPT RESTAURANT PROPERTIES, LLC; and DOES I-XX, ROE CORPORATIONS I-XX, DOE ENGINEERING COMPANIES I-XX, ROE CONSTRUCTION COMPANIES I-XX, and DOE MANAGEMENT FIRMS I-XX, inclusive,<br><br>Defendants. | Case No:<br><br>Dept. No:<br><br>**COMPLAINT**<br>**[exempt from arbitration pursuant to possible award value in excess of $50,000 and declaratory relief action]** |

COMES NOW, Plaintiff, PEGGY ANGLETON, by and through her attorneys of record, FAHRENDORF, VILORIA, OLIPHANT & OSTER, L.L.P., and allege as follows:

## I. PARTIES AND JURISDICTION

1. Plaintiff is, and at all relevant times herein was, a resident of the County of Washoe, State of Nevada.

2. Plaintiff is a 65 year old female who has a disability in that she has a physical or mental impairment that substantially limits one or more of her major life activities of the person, has a record of such an impairment or is regarded as having such an impairment.

3. Plaintiff is informed and believes, and thereupon alleges, that Defendant, FCPT RESTAURANT PROPERTIES, LLC, is a Foreign Limited Liability Company, licensed in and conducting business in the County of Clark, State of Nevada.

4. Pursuant to NRCP (10)(a) and *Nurenberger Hercules-Werke GMBH v. Virostek*, 107 Nev. 873, 822 P.2d 1100 (1991), the true name and capacities of Defendants designated as DOES 1-

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

10, whether individual, corporate, associate or otherwise are unknown to Plaintiff at this time and, therefore, Plaintiff sues said Defendants by fictitious names. Plaintiff is informed and believes and thereon alleges that each of the said DOE Defendants are responsible in some manner for the events and occurrences referenced herein and that said DOE Defendants are jointly and severally liable for the injuries and damages suffered by Plaintiff as alleged herein. Plaintiff will ask leave of the Court to amend her Complaint to substitute the true names and capacities of said DOE Defendants when Plaintiff becomes aware of the true names of said DOE Defendants.

5. Plaintiff is informed and believes, and upon such information and belief, alleges that each of the Defendants designated herein by such fictitious names are negligently responsible in some manner for the events and happenings herein referred to and negligently caused the injuries to Plaintiff as these Defendants were involved in the initiation, approval, support, maintenance or execution of the construction work and/or wrongful acts on the premises located at 4900 S. Virginia St., Reno, Nevada 89502 ("Property"), upon which this litigation is based. Plaintiff further alleges that each Defendant designated herein by such fictitious names are and at all times relevant hereto were, agents of each other and have ratified the acts of each other Defendant and acted within the course and scope of such agency and have the right to control the actions of the remaining Defendants.

6. At all times herein mentioned, Defendants, and each of them were the apparent ostensible principals, principals, apparent ostensible agents, agents, apparent ostensible servants, servants, apparent ostensible employees, employees, apparent ostensible assistants, assistants, apparent ostensible consultants and consultants of their co-Defendants, apparent and ostensible contractors and subcontractors, and were as such acting within the course, scope and authority of said agency and/or employment, and that each and every act of such Defendants, as aforesaid, when acting as a principal agent, employee, assistant or consultant, were responsible in some manner for the events and happenings herein referred to.

7. That the facts and circumstances that give rise to the subject lawsuit occurred in Washoe County, Nevada, at the Property.

/ / /

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-3888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

8. Plaintiff is informed and believes, that at all relevant times herein, Defendants owned, leased, or operated a restaurant at the Property known as the Olive Garden ("Restaurant").

## II. GENERAL FACTUAL ALLEGATIONS

9. On or about June 27, 2017, Plaintiff placed a to-go order from the Restaurant. After picking up her food, Plaintiff was directed by an employee of the Restaurant to exit out of a side door because the front entry was closed due to remodeling of the building. Plaintiff exited the side door, as directed by Defendants, carrying her food, her purse and her portable oxygen, at which time she tripped off the unmarked vertical ledge outside of the side door of the Restaurant breaking her left foot, bumping her head hard, hitting her elbow, and breaking her glasses on the ground when she landed.

10. After Plaintiff fell and was waiting for an ambulance, employees of Defendants placed "caution tape" and "watch your step" signs around the unmarked vertical ledge where Plaintiff fell.

## FIRST CAUSE OF ACTION

## (Negligence Per Se)

11. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

12. At all times material hereto, Defendants had a duty to design and construct, or make alterations to the Restaurant that render it readily accessible to and usable by individuals with disabilities in accordance with the Americans with Disability Act ("Act") as determined by the ADA Accessibility Guidelines and Standards for Accessible Design ("Guidelines").

13. The City of Reno and Washoe County have adopted the International Building Code ("Code").

14. The requirements of the Act, Guidelines and Code are referred to as the "Requirements."

15. The Code incorporates the Requirements and/or the Requirements preempt and supersede the Code.

16. At all times material hereto, Defendants owned, operated, and/or maintained the Property and Restaurant in violation of the Requirements, including without limitation, the

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

following sections of the Guidelines: 303 Changes in Level, 303.1 General; 303.2 Vertical; 3.03.3 Beveled; and 303.4 Ramps.

17. The Requirements require that the maximum vertical changes in ground surfaces may not exceed ¼ high. Changes in level between ¼ inch and ½ inch high maximum shall be beveled with a slope not steeper than 1:2. In no case may the combined change in level exceed ½ inch. Changes in level exceeding ½ inch must be ramped and comply with the curb ramp requirements.

18. When Defendants shut down the front entrance to the Restaurant due to construction, and directed Plaintiff to exit the side door, Defendants failed to provide an accessible route which complied with the Requirements.

19. In fact, the route Defendants' employees directed Plaintiff to take was a 4½ high unramped and unmarked curb which did not comply with the Requirements.

20. A violation of the Requirements resulted in an injury to Plaintiff.

21. Plaintiff belongs to the class of persons that the Requirements were intended to protect.

22. Plaintiff's injuries were the type of injuries the Requirements were intended to protect against.

23. As a direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, Plaintiffs sustained and continue to sustain severe personal injuries, causing extreme anguish, pain and suffering, all to their general damage in sum in excess of $50,000.

24. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

25. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred and will incur in the

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

future, a loss of earnings and earning capacity presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

26. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

**SECOND CAUSE OF ACTION**
**(Negligence)**

27. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

28. That Defendants had a duty, by and through its agents, servants and employees to exercise all due care and caution for the safety of persons, including Restaurant customers, such as Plaintiff.

29. That the Defendants had a duty to exercise reasonable care not to subject others on the Restaurant and Property to an unreasonable risk of harm.

30. That the Defendants had a duty to inspect the Restaurant and Property to discover dangerous conditions not known to Plaintiff and to take reasonable precautions to protect customers, such as Plaintiff, from dangers which are foreseeable from the use of the Restaurant and Property.

31. That the Defendants had a duty to maintain safe conditions for customers, such as Plaintiff, entering and existing their Restaurant from the Property.

32. That Defendants had a duty to warn its customers, including Plaintiff, of any dangerous or unsafe condition that existed and/or were present in the Restaurant and Property when such conditions are hidden, latent, or concealed or of which the customers are without knowledge, if Defendants, through one of its employees, agents and/or servants creates or knows of, or in the exercise of reasonable care should have known of the dangerous or unsafe condition.

33. That on or about June 27, 2017, Defendants created and/or allowed a dangerous condition to exist and further negligently, willfully, or maliciously failed to guard, remedy, or warn Restaurant customers, including Plaintiff, against such dangerous condition not providing an accessible route for entry and exit of the Restaurant, which resulted in a hazard on the Property.

34. Plaintiff was on the Property of Defendants as a customer for the purposes of entering the Restaurant to pick up food she had ordered to go.

35. As a customer, Plaintiff was on the Property for the express benefit of Defendants. As a customer, Plaintiff relied on Defendants to keep the Restaurant and Property in a reasonably safe condition.

36. As a customer, Defendants owed a duty to Plaintiff to remedy or warn of risks known to or discoverable by and/or created by Defendants on the Property.

37. That Defendants breached its duties of care owed to Plaintiff and was negligent, careless and heedless in the operation, maintenance and management of the Restaurant and Property, including but not limited to, the following acts of negligence:

(a) Failing to provide a safe restaurant establishment for customers, and customers entering and existing Restaurant;

(b) Failing to warn customers of any dangerous conditions that existed and/or were present in the Property;

(c) Failing to properly hire and train their employees to inspect for dangerous and unsafe conditions and to take reasonable precautions to protect customers from dangers, which are foreseeable from the use of the Property;

(d) Failing to exercise reasonable care not to subject customers to an unreasonable risk of harm by not providing an accessible route for entry and exit of the Restaurant, which caused Plaintiff to fracture her left ankle and incur other injuries;

(e) That the Defendants, by failing to exercise ordinary care, created the dangerous condition or created a reasonable probability that the dangerous condition would exist; and

(f) Defendants breached their duties of care owed to Plaintiff by not providing an accessible route for access of the Restaurant from the Property, is creating an unsafe condition, by failing to warn of the dangerous condition and/or by failing to remedy the dangerous condition.

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

38. At all times material hereto, Defendants knowingly maintained the Property in a dangerous and unsafe condition and knew or in the exercise of reasonable care should have known that it was endangering customers of the Restaurant.

39. Defendants' breach of the duty of care legally and proximately caused Plaintiff's injuries.

40. In addition to the negligence per se of Defendants, an owner or occupier of land is held to the duty of reasonable care when another is injured on that land.

41. Defendants not only failed to provide an accessible route that met the Requirements, but the Defendants did not exercise reasonable care or keep the Property in a reasonable safe condition resulting in Plaintiff's injuries.

42. As a direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, Plaintiffs sustained and continue to sustain severe personal injuries, causing extreme anguish, pain and suffering, all to their general damage in sum in excess of $50,000.

43. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

44. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred and will incur in the future, a loss of earnings and earning capacity presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

45. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

## THIRD CAUSE OF ACTION
**(Unlawful Discrimination and Deprivation of Civil Rights)**

46. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P.O. Box 62 ~ Reno, Nevada 89504
327 California Avenue ~ Reno, Nevada 89509

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

47. The Restaurant is a place of public accommodation.

48. Plaintiff was entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Restaurant without discrimination on the ground of her disability.

49. Defendants deprived Plaintiff from the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Restaurant by failing to provide a continuous and unobstructed way of egress from the Restaurant to the path leading away from the Restaurant accessible routes into and from the Restaurant.

50. Plaintiff was injured as a result of Defendants' failure to provide a continuous and unobstructed way of egress from the Restaurant to the path leading away from the Restaurant.

51. The failure to comply with the Requirements also constitutes unlawful discrimination under the Act as a result of denial of access to public accommodation by the Defendants to the Plaintiff.

52. The Requirements require two accessible exists from the Restaurant and Defendants did not provide any accessible exits for the Restaurant during the remodel.

53. Defendants have failed to remove architectural barriers to persons with disabilities where such removal is readily achievable, including without limitation, providing two accessible exits from the Restaurant.

54. The Restaurant was altered in 2002, 2006 and 2018 ("Remodels").

55. Permits to complete the Remodels were pulled from the applicable governing permitting authorities.

56. The Remodels had a total value of $350,000 or more.

57. The Requirements required that the Defendants apply up to 20% of the value of the Remodels on improving the path of travel to and from the area that was altered.

58. Despite the Remodels, Defendants did not remove the architectural barriers to persons with disabilities by providing two accessible exits from the Restaurant as required by the Requirements.

/ / /

59. Providing two accessible exits from the Restaurant could have been easily accomplished without much difficulty or expense given the Defendants' size and abilities.

60. The failure to comply with the Requirements is an ongoing violation of the Requirements.

61. The ongoing violations of the Requirements show a pattern or practice of discrimination by Defendants.

62. Defendants are entitled to an order including permanent or temporary injunctions, restraining orders, or other types of orders including removal of the architectural barriers referenced herein.

63. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

**FOURTH CAUSE OF ACTION**

**(Negligent Hiring, Training and Supervision)**

64. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

65. Defendants owed a duty to Plaintiff to exercise reasonable care in the hiring, training and supervision of its employees.

66. Defendants further owed a duty to Plaintiff to properly train them for tasks they would perform, and to ensure that safety measures were in place to protect its patrons.

67. Plaintiff is informed and believes, and on such basis alleges, that said Defendants breached such duties.

68. As a direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, Plaintiffs sustained and continue to sustain severe personal injuries, causing extreme anguish, pain and suffering, all to their general damage in sum in excess of $50,000.

69. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

70. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred and will incur in the future, a loss of earnings and earning capacity presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

71. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT &. OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

<u>FIFTH CAUSE OF ACTION</u>

(Respondeat Superior)

72. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

73. At all relevant times herein, Defendants and Employees DOES I-XX, ROE CORPORATIONS I-XX, DOE ENGINEERING COMPANIES I-XX, ROE CONSTRUCTION COMPANIES I-XX, and DOE MANAGEMENT FIRMS I-XX, were employees of Defendants, and were acting within the course and scope of their employment.

74. At all relevant times herein, Defendants were liable for the negligent acts of their agents/employees, Defendants DOES I-XX, ROE CORPORATIONS I-XX, DOE ENGINEERING COMPANIES I-XX, ROE CONSTRUCTION COMPANIES I-XX, and DOE MANAGEMENT FIRMS I-XX, under the doctrine of vicarious liability/respondeat superior.

75. At all relevant times herein, Defendants negligently entrusted the design, construction, control, supervision, and repair, to Defendants, DOES I-XX, ROE CORPORATIONS I-XX, DOE ENGINEERING COMPANIES I-XX, ROE CONSTRUCTION COMPANIES I-XX, and DOE MANAGEMENT FIRMS I-XX, who thereinafter after failed to properly perform these duties, causing injuries to Plaintiff.

76. As a direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, Plaintiffs sustained and continue to sustain severe personal injuries, causing extreme anguish, pain and suffering, all to their general damage in sum in excess of $50,000.

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

77. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred hospital, doctor and medical bills, and will incur further medical bills in the future, in an amount that is presently unknown. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

78. As a further direct and proximate result of the carelessness, recklessness and negligence of Defendants, each of them, as aforesaid, Plaintiffs have incurred and will incur in the future, a loss of earnings and earning capacity presently unknown to Plaintiff. Plaintiff prays leave to amend this Complaint to include such sums when the same become known.

79. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

## SIXTH CAUSE OF ACTION

### (Declaratory Relief)

80. Plaintiff repeats and incorporates by reference the paragraphs as set forth above.

81. That a current controversy exists between Plaintiff and the Defendants as to the nature and extent of their relationship and corresponding obligations, duties, and responsibilities toward one another, including Defendants' obligations to comply with the Requirements.

82. All of the rights and obligations of the parties hereto arose out of what is actually one series of transactions, happenings or events, all of which can be settled and determined in a judgment in this one action.

83. That a declaration of rights, duties, responsibilities, and obligations between Plaintiff and the Defendants regarding the Defendants' duties to comply with the Requirements and their duties to Plaintiff are justiciable controversy of adverse legal interests, which is ripe for review and declaration by this Court. Plaintiff requests that the Court declare the nature and extent of the parties' contractual relationship as follows: (a) Defendants were negligent per se in failing to follow the Requirements as determined by Nevada law; (b) Defendants were negligent by failing their duty of care; (c) Defendants unlawfully discriminated and deprived Plaintiff of her civil rights by way of

FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P.
ATTORNEYS AND COUNSELORS AT LAW
Office: (775) 284-8888 Fax: (775) 284-3838
P. O. BOX 62 ~ RENO, NEVADA 89504
327 CALIFORNIA AVENUE ~ RENO, NEVADA 89509

their various violations; and (d) Defendants negligently hired, trained and supervised their employees..

84. Plaintiff has been required to retain the services of FAHRENDORF, VILORIA, OLIPHANT & OSTER L.L.P., to prosecute this action and as a result is entitled to recover reasonable attorney's fees and costs of suit as allowed by law and equity.

WHEREFORE, Plaintiff prays for damages, jointly and severally, as follows:

a. General damages, past and future, in excess of $50,000;

b. Special damages for past medical and other related expenses of not less than $31,694.05 according to proof at time of trial;

c. Additional special damages for past and future medical and incidental expense all according to proof at time of trial;

d. Attorney fees and costs of suit as allowed by law and equity;

e. For an order enjoining Defendants from unlawful discrimination set forth herein;

f. For Equitable Relief;

g. For Declaratory Relief that Defendants have violated the Requirements; and

h. For such other and further relief as the Court deems just and proper.

**AFFIRMATION**

Pursuant to NRS 239B.030, the undersigned does hereby affirm that the preceding document does not contain the personal information of any person as defined in NRS 603A.040.

DATED this 20 day of November, 2018.

FAHRENDORF, VILORIA,
OLIPHANT & OSTER L.L.P.

By: ______________________
R. Shawn Oliphant, Esq.
Nevada Bar No. 6441
Attorneys for Plaintiff