# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

PEGGY ANGLETON, an individual,

        Plaintiff,

vs.

FCPT RESTAURANT PROPERTIES, LLC; GMRI, INC.; and DOES I-XX; ROE CORPORATIONS I-XX; DOE ENGINEERING COMPANIES I-XX; ROE CONSTRUCTION COMPANIES I-XX; and DOE MANAGEMENT FIRMS I-XX, inclusive,

        Defendants.

Case No: 3:19-cv-0071-LRH-CBC

**STIPULATION AND ORDER TO REMAND ACTION**

COMES NOW, Plaintiff, PEGGY ANGLETON, and Defendants, FCPT RESTAURANT PROPERTIES, LLC and GMRI, INC., by and through their respective counsel of record, and hereby stipulate and agree as follows:

1. Plaintiff filed an Amended Complaint in the Second Judicial District Court on January 10, 2019 (Document #1-1);

2. Defendants filed a Notice of Removal on February 8, 2019 (Document #1) removing this action from the Second Judicial District Court;

3. The asserted basis for Defendants removal was original federal question jurisdiction "because this matter involves a question of federal law under the Americans

-1-

With Disability Act ("ADA")." (Doc. 1, Paragraph 7).

    4.    Plaintiff assert that this is a personal injury matter and that:

> A complaint alleging violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws or treaties of the United States.' <u>Merrell Dow Pharms. Inc. v. Thompson</u>, 478 U.S. 804, 106 S.Ct. 3229 (1986).

    5.    Plaintiff also asserts that the 9th Circuit Court of Appeals has found that "Federal question jurisdiction over a state-law claim is not created just because a violation of federal law is an element of the state law claim" in the specific context of alleged ADA violations. See <u>Wander v. Kaus,</u> 304 F.3d 856, 859 (2002)(finding no federal-question jurisdiction when ADA violations are alleged as the basis for state law claims).

    6.    Therefore the parties stipulate to remand this action to the Second Judicial District Court of the State of Nevada, and that upon remand the parties stipulate to Plaintiff filing a Second Amended Complaint removing her Third Cause of Action (Unlawful Discrimination and Deprivation of Civil Rights) to remove any doubt as to the federal question jurisdiction issue.

    7.    The parties further stipulate and agree that each party will bear their own attorneys' fees and costs with respect to the removal and subsequent remand of this action pursuant to this Stipulation and Order; and

///

///

///

///

8. This Stipulation renders all motions pending before this Court moot.

DATED this 26th day of February, 2019.   DATED this 26th day of February, 2019.

VILORIA, OLIPHANT, OSTER & AMAN L.L.P.

LEWIS BRISBOIS BISGAARD & SMITH LLP

By: /s/ R. Shawn Oliphant
R. Shawn Oliphant, Esq.
Nevada Bar No. 6441
Attorneys for Plaintiff

By: /s/ Mary-Ann S. Ellis
Mary-Ann S. Ellis, Esq.
Nevada Bar No. 12427
Attorneys for Defendants

## **ORDER**

The Court having reviewed the Stipulation to Remand in the above-captioned action and good cause appearing, hereby ORDERS as follows:

1. The Stipulation to Remand is hereby GRANTED; and

2. The U.S. District Court for the District of Nevada, Case No. 3:19-cv-0071-LRH-CBC captioned, *Peggy Angleton v. FCPT Restaurant Properties, LLC, et al.,* is hereby REMANDED to the Second Judicial District Court, Washoe County, Nevada, Case No. CV18-02311.

DATED this 28th day of February, 2019.

_____
LARRY R. HICKS
UNITED STATES DISTRICT JUDGE